IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TOMMIE L. WHITE,

    Petitioner,

    v.

TOD VAN WOLVELAERE,[1]

    Respondent.                          No. 09-cv-478-DRH-DGW

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This action is currently before the Court on the Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 (Doc. 1). For the reasons set forth below, the petition is **DENIED** and the claims are **DISMISSED**.

### I. BACKGROUND

On March 23, 2006, a jury in Saline County, Illinois, found petitioner Tommie L. White guilty of one count of burglary of a building, one count of burglary of a vehicle, and one count of theft for unlawfully entering the Saline County Housing Authority maintenance building with intent to commit theft. The trial court sentenced White to concurrent twelve-year sentences for the burglary convictions and a concurrent three-year sentence for the theft conviction (Doc. 16-1, Exh. A, p. 2). White filed post-trial motions for judgment notwithstanding

---

[1] Warden Tod Van Wolvelaere is substituted as respondent. *See* Fed. R. Civ. P. 25(d).

the verdict or a new trial (on the basis that a juror had slept through the cross-examination of key witnesses) and a motion to reconsider the sentence. The trial court denied both motions (Doc. 16-1, Exh. A p. 2).

With assistance of counsel, White appealed the conviction. The appellate court found that White raised two issues on appeal: 1) whether the trial court erred in denying without an evidentiary hearing his post-trial motion, and 2) whether the vehicular burglary and theft convictions should be vacated as lesser-included offenses of the burglary of the maintenance building. On November 26, 2007, the Appellate Court of Illinois, Fifth District, affirmed in part and vacated in part. The appellate court found no abuse of discretion in the trial court's denial of an evidentiary hearing on the sleeping-juror issue because White's post-trial motion was "too vague to establish prejudice" (Doc. 16-1, Exh. A, p. 4). The appellate court vacated the theft conviction (but not the vehicular burglary conviction) as a lesser-included offense of the burglary of the maintenance building (Doc. 16-1, Exh A, p. 7).

On March 4, 2008, White filed a *pro se* "Letter Request in Lieu of Petition for Leave to Appeal" in the Supreme Court of Illinois (Doc. 16-9, Exh. I, p. 6). The record contains a *pro se* Petition for Leave to Appeal filed in the Supreme Court on May 20, 2008 (Doc. 16-9, Exh. I, p.1). On September 24, 2008, the Supreme Court summarily denied the Petition for Leave to Appeal (Doc. 16-9, Exh. I, p. 34). White did not file a petition for post-conviction relief in the trial court "due to time restraints" (Doc. 1, Exh. A, pp. 6 and 9-16).

White filed the pending petition for writ of habeas corpus in this court on June 24, 2009 (Doc. 1). He raises the following nine grounds for relief, all based upon ineffectiveness of his trial counsel:

1. Trial counsel did not inform the Court or the petitioner that he had previously represented a witness in the case, David R. Endicott;

2. Trial counsel advised White not to testify, to White's detriment;

3. Trial counsel advised White that he would receive only two years of supervised release, but he was sentenced to a three-year term of supervised release;

4. Trial counsel requested that White receive "treatment" while incarcerated, but did not specify that treatment would negatively affect his accrual of good time credit;

5. Trial counsel misadvised White that wages earned while working at the county jail would be applied to payment of his court-imposed fines;

6. Trial counsel failed to inform White that if he proceeded to trial the state would seek an enhanced sentence;

7. Trial counsel failed to follow White's recommendations at trial;

8. Trial counsel failed to object to the improper introduction of hearsay evidence; and

9. Trial counsel failed to file the correct post-trial motions, causing the trial court to deny an evidentiary hearing on the issues raised.

(Doc. 1.)

Respondent answered the petition on July 9, 2010, arguing that White's claims of ineffective assistance of counsel are procedurally defaulted (Doc. 15).

## II.  DISCUSSION

"An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). When "a petitioner does not adequately present a claim to the state court" the claim is procedurally defaulted and will not be considered on the merits by a federal court on habeas review unless there is a showing of "cause and prejudice for the default or . . . that a failure to grant him relief would work a fundamental miscarriage of justice." *Richardson v. Briley*, 401 F.3d 794, 801 (7th Cir. 2005) (citing *Moore v. Casperson*, 345 F.3d 474, 484 (7th Cir. 2003)); *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (fundamental miscarriage equals "the conviction of an innocent person."); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

A petitioner must "fairly present" his claim before the state court in order to allow the state the opportunity to correct any constitutional violations. *Sanders v. Cotton*, 398 F.3d 572, 581 (7th Cir. 2005) (citations omitted). This fair presentment requirement means that the petitioner must invoke "one complete round of the State's established appellate review process" for each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). He must present "operative facts and controlling legal principles" for the state court to review. *Cotton*, 398 F.3d at 580. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Bintz*, 403 F.3d at 863 (quotation marks and citation omitted). The

burden is upon the respondent to show that the petitioner has procedurally defaulted his claims.  It is well-established that a habeas petitioner's failure to follow a state's procedural rules for raising constitutional claims provides an "independent and adequate state ground of decision" which blocks collateral review by a federal court on a petition for writ of habeas corpus. *Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

### *White's claims are procedurally defaulted.*

White did not raise any claims of ineffective assistance of counsel in his direct appeal.  Respondent points out, however, that in his brief on appeal, White preemptively argued that the appellate court should not find that he waived his argument that the trial court should have held a hearing on the post-trial motion regarding the sleeping juror on the basis of his attorney's failure to demand a hearing on the motion.   In the appellate brief, White argued that if the court found the issue waived due to counsel's failure to demand a hearing, then the appellate court should consider ineffective assistance of trial counsel as the cause of the waiver.

The Court appreciates Respondent's point, but finds that the anticipatory counter-argument was not sufficient to "fairly present" the ineffective assistance issue to the appellate court.   As noted above, to fairly present an argument in state court, a petitioner must present "operative facts and controlling legal principles" so that the state court may correct any constitutional violations that occurred at trial.

White did not raise the argument on appeal as a claim of ineffective assistance of counsel, but as one of trial court error.  White's ineffectiveness claim was a secondary, anticipatory argument.   In turn, the appellate court viewed the claim as one of trial court error and discussed only whether the trial court abused its discretion in denying the evidentiary hearing.   It did not mention ineffectiveness of counsel.  For these reasons, the Court finds that White did not fairly present ineffectiveness of his trial counsel in his direct appeal.

More importantly, White did not avail himself of the process set forth in Illinois for review of constitutionality of issues through the filing of a post-conviction petition.  The claims White raises in his petition for writ of habeas corpus, therefore, have not received one complete round of state court review.  Accordingly, the claims have not been exhausted; they are procedurally defaulted here.  The Court is barred from considering the claims on their merits unless White can demonstrate cause and prejudice for the default.

***White has not demonstrated cause and prejudice for the procedural default.***

Because White does not concede that any of these grounds for relief were procedurally defaulted, he makes no argument in his petition for writ of habeas corpus regarding cause and prejudice for the default.   Nevertheless, the Court will review the record for any possible basis upon which White might demonstrate cause and prejudice for the default.

"When a petitioner does not adequately present a claim to the state courts, he

may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice." *Richardson*, 401 F.3d at 801. In order to establish cause, White must show that "an external impediment" prevented him from presenting his arguments before the state courts. *See Bintz*, 403 F.3d at 864. In order to show prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152 (1982)) (emphasis omitted).

      White has made no arguments to this court that would demonstrate cause for the default of the grounds raised. The Court's review of the record reveals no cause for the default or prejudice, nor does it reveal a fundamental miscarriage of justice, which requires the showing of a constitutional violation "which probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

      Although he does not articulate the argument, it is possible that White intends the Court to consider ineffective assistance of counsel as cause for the default of his claims. The Court notes, however, that "[a] bare mention of ineffective assistance of counsel is not sufficient to avoid a procedural default." *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009). A petitioner must identify "specific acts or omissions of counsel" that support a claim of ineffective assistance.

*Id*. Furthermore, "a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for procedural default of another claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing *Edwards*, 529 U.S. at 452-54). In other words, a claim that ineffective assistance of counsel caused a procedural default may itself be procedurally defaulted by a petitioner's failure to raise it in state court. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Edwards*, 529 U.S. at 452-54). As determined above, White did not fairly present the ineffective assistance issue to the Illinois courts for review. The Illinois appellate court based its decision on a finding that the trial court did not abuse its discretion in failing to hold an evidentiary hearing. The appellate court did not address the ineffectiveness of White's trial counsel, and White did not file a petition for post-conviction relief. Thus, the Court finds that White's bare mention of ineffective assistance of counsel, which the state court did not adjudicate, is insufficient to demonstrate cause for the procedural default. Accordingly, the court finds no cause and prejudice for the procedural default of White's claims, nor does it find that a fundamental miscarriage of justice occurred that would save any of the defaulted claims.

### *No certificate of appealability should issue.*

A habeas petitioner is not entitled to file an appeal from the denial of his petition unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   The Court finds that White's procedural default is not debatable.  Accordingly, the Court declines to issue a certificate of appealability.

### III.  CONCLUSION

Based on all the foregoing, the Court find that all of White's claims are procedurally defaulted, and White has not demonstrated cause and prejudice for the default.  Accordingly, White's petition for writ of habeas corpus is **DENIED** (Doc. 1). Thus, his claims are dismissed with prejudice and the Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 17th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.17 14:43:05 -05'00'

**Chief Judge
United States District Court**